

FILED

FEB 0 [ 2020

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GREAT LAKES INSURANCE SE, | CV 19–164–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRYAN CRABTREE and BETHEA CRABTREE, | |
| Defendants. | |

Before the Court is the Motion to Dismiss of Defendants Bryan and Bethea

Crabtree. (Doc. 11.) The Crabtrees ask the Court to dismiss the Complaint filed

by Plaintiff Great Lakes Insurance SE ("Great Lakes") because: (1) Great Lakes

failed to effect service as indicated in its November 5, 2019 proof of service; and

(2) Great Lakes already voluntarily dismissed two proceedings raising the same

claims, rendering this case subject to the "two-dismissal rule" of Federal Rule of

Civil Procedure 41(a)(1)(B). The Court denies the Crabtrees' motion.

**I.     Service**

The Crabtrees move for dismissal for "insufficient service of process" under

1

Rule 12(b)(5).   As an initial matter, the Crabtrees argue that Great Lakes

committed fraud upon the Court by filing proofs of service indicating that service

had been effected when it had not.   In the proofs of service filed with the Court,

the certified process server wrote that she left the summons with "Johnny Lee," the

"concierge" of the Crabtrees' Atlanta apartment complex and that a copy of the

summons was also mailed to the Crabtrees at their last known address.   (Docs. 5

& 6.)   The process server also listed four unsuccessful attempts at service,

including one attempt during which she heard movement inside the apartment.

(Docs. 5 & 6.)   The proofs of service support the Crabtrees' arguments regarding

insufficient service, but they do not indicate fraud.   Great Lakes did not commit

fraud upon the Court when it filed the proofs of service.

The Court assumes that the Crabtrees are correct that the initial attempt to

effect service was inadequate, but it nonetheless denies the motion to dismiss under

Rule 12(b)(5) because Great Lakes cured any deficiency.   "Before a federal court

may exercise personal jurisdiction over a defendant, the procedural requirement of

service of summons must be satisfied."   *Omni Capital Int'l, Ltd. v. Rudolf Wolff &*

*Co.*, 484 U.S. 97, 104 (1987).   Service may be effected by "leaving a copy of [the

summons and complaint] at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there."   Fed. R. Civ. P.

4(e)(2)(B).   Great Lakes does not argue, and the Court does not anticipate, that

the concierge of a high-rise apartment building may be considered a qualifying

individual under Rule 4(e)(2)(B).   However, the point is moot because Great

Lakes has since cured any deficiency in service.   (Doc. 13.)   *See Park Plaza*

*Condo. Ass'n v. Travelers Indem. Co. of Am.*, No. 17-cv-112-GF-JTJ, 2018 WL

1400431, at *5 (D. Mont. March 20, 2018) ("Improper service generally can be

cured . . . .").   Great Lakes properly effected service on December 10, well within

the 90-day limit.   Fed. R. Civ. P. 4(m).

## II.    Two-dismissal Rule

In their reply brief, the Crabtrees raised a new basis for dismissal—the "two-

dismissal rule" under Federal Rule of Civil Procedure 41(a)(1)(B).   (Doc. 17.)

Because of the argument's novelty, the Court granted Great Lakes an opportunity

to file a responsive brief, which it did.   (Doc. 19.)   Because it appears that the

prior dismissals are attributable to gamesmanship on the part of the Crabtrees, the

Court will not dismiss this action.

If a "plaintiff previously dismissed any federal- or state-court action based

on or including the same clam, a [second] notice of dismissal operates as an

adjudication on the merits."   Fed. R. Civ. P. 41(a)(1)(B).   It has long been

"universally accepted that the primary purpose of the 'two dismissal' rule is to

3

prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976); *see Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) (citing *Poloron*). That concern is not implicated where a prior dismissal is by stipulation. *Poloron*, 534 F.2d at 1017.

Here, Great Lakes filed and voluntarily dismissed two prior federal actions against the Crabtrees—one in this Court, *Great Lakes v. Crabtree*, No. 9:19-cv-120-DLC and one in the Southern District of Florida, *Great Lakes v. Crabtree*, No. 19-cv-23692-JEM. The first District of Montana case was voluntarily dismissed based on the Crabtrees' attorneys' clear representations that they would accept service in Florida. (Doc. 14-2.) Because Great Lakes reasonably relied on the representations made by the Crabtrees' counsel in dismissing the first proceeding in this Court, it does not count as a dismissal for purposes of the two-strikes rule. *Poloron*, 534 F.2d at 1017. "[T]he purpose behind the 'two dismissal' exception would not appear to be served by its literal application" in this case, and "that application's effect would be to close the courthouse doors to an otherwise proper litigant." *Id.*

Accordingly, IT IS ORDERED that the Defendants' Motion to Dismiss

(Doc. 11) is DENIED.

DATED this 6th day of February, 2020.

Dana L. Christensen, Chief Judge
United States District Court